**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
TOPEKA DIVISION**

| | |
|---|---|
| JANAE WOLLENBERG; SHELLY INGRAM; and RACHEL WHETSTONE, individually and on behalf of other members of the putative class, | ) ) ) ) |
| | ) |
| Plaintiffs, | ) ) |
| | ) |
| v. | ) ) |
| | ) |
| BLUE CROSS AND BLUE SHIELD OF KANSAS, INC., | ) ) |
| | ) |
| Defendant. | ) ) ) |

CASE NO. 5:23-cv-04029-TC-TJJ

[Removed from Twenty-First Judicial District Court of Riley County, Kansas Case No. RL-2023-CV-000055 Div. I]

## FIRST AMENDED CLASS ACTION COMPLAINT[1]

Janae Wollenberg, Shelly Ingram, and Rachel Whetstone ("Plaintiffs"), individually and on behalf of all others similarly situated, bring this action against Blue Cross and Blue Shield of Kansas, Inc. ("BCBS"), a Kansas corporation.

## NATURE OF THIS ACTION

1.      This class action arises out of BCBS breaching the terms of its insurance contracts with Plaintiffs and other similarly situated insureds.

2.      BCBS's insurance agreements with Plaintiffs require BCBS to cover 100% of the costs of preventive services when obtained from a Contracting Provider.

3.      Despite this contractual agreement, BCBS improperly denied coverage of Plaintiffs' preventative services obtained from Contracting Providers, which were required to be covered at 100%.

---

[1] Plaintiffs file this First Amended Class Action Complaint in accordance with Fed. R. Civ. Proc. 15(a)(2), as Plaintiffs received Defendants' written consent to amend.

4.      The refusal to provide coverage as contractually agreed to harmed Plaintiffs and other similarly situated individuals.

5.      Plaintiffs bring this suit on their own behalf and for similarly situated individuals who are insureds pursuant to non-ERISA BCBS insurance policies and who were denied proper coverage for preventative services.

## PARTIES, JURISDICTION, AND VENUE

6.      Plaintiff Janae Wollenberg is a natural person residing in Riley County, Kansas.  At all relevant times, Wollenberg was an insured pursuant to a BCBS health insurance policy provided through her employment with Manhattan-Ogden Public Schools.

7.      Plaintiff Shelly Ingram is a natural person residing in Riley County, Kansas.  At all relevant times, Ingram was an insured pursuant to a BCBS health insurance policy provided through her employment with Manhattan-Ogden Public Schools.

8.      Plaintiff Rachel Whetstone is a natural person residing Riley County, Kansas.  At all relevant times, Whetstone was an insured pursuant to a BCBS health insurance policy provided through her employment with Manhattan-Ogden Public Schools.

9.      Defendant BCBS is an insurance corporation organized under the laws of the state of Kansas that transacts business in the state of Kansas.  It can be served with process at 1133 Topeka Ave., Topeka, KS 66609.  BCBS contracted with Plaintiffs and other similarly situated individuals to provide health insurance.

10.     This Court has personal jurisdiction over BCBS because it is organized to do business in this state and entered into contracts in this state.

11.     Venue is proper in this Court, as Plaintiffs' claims arose in this jurisdiction, BCBS regularly transacts business in Kansas, and Plaintiffs are all residents of Kansas.

2

## FACTUAL OVERVIEW

12.     BCBS contractually agreed with Plaintiffs and other similarly situated individuals

as follows:

> **Preventive Health Benefits:**  Each Insured is eligible to receive the following preventive
> services paid at 100% of the allowable charge when received from a Contracting Provider
> for preventive (i.e., not diagnostic or treatment) purposes.  Preventive Health Services
> received from a Non-Contracting Provider will be subject to the cost sharing requirement
> (including copayments, coinsurance and deductible), applicable hereunder, in a manner
> consistent with 42 U.S.C. 300gg-13 for:
> a. evidence-based items or services that have in effect, a rating of 'A' or 'B' in the current
>    recommendations of the United States Preventive Services Task Force;
> b. immunizations that have in effect a recommendation from the Advisory Committee on
>    Immunization Practices of the Centers for Disease Control and Prevention with respect
>    to the individual involved;
> c. with respect to infants, children, and adolescents, evidence-informed preventive care
>    and screenings provided for in the comprehensive guidelines supported by the Health
>    Resources and Services Administration; and
> d. with respect to women, such additional preventive care and screenings not described in
>    item (a) as provide for in comprehensive guidelines supported by the Health Resources
>    and Services Administration for purposes of this paragraph (including breast cancer
>    screening and mammography screenings).
>
> A list of the preventive services covered under this section is available on our website at
> www.bcbsks.com, or will be mailed to You upon request.  You may request the list by
> calling the Customer Service number on Your Identification Card.

13.     The United States Preventive Services Task Force ("USPSTF"), as well as other

organizations, such as the Health Resources and Services Administration, issues recommendations

concerning preventive health care services and they periodically update the guidance, which at

times expands the scope of preventive services.

14.     Examples of some of the updated guidance that the USPSTF has issued in the past

several years include, but is not limited to:

>     a. Expanding the recommended age for colorectal cancer screening from 50-75
>
>        years of age to 45-75 years of age;

b.  Expanding the population eligible for BRCA-Related Cancer Prevention screening to include women with a previous breast, ovarian, tubal, or peritoneal cancers diagnosis who completed treatment and are considered cancer free and more explicitly including ancestry associated with BRCA1/2 mutations as a risk factor;

c.  Lowering the recommended age for prediabetes and Type 2 Diabetes screening from 40 to 35 years of age; and

d.  Expanding the age range for lung cancer screening to age range 50 to 80 years (previously 55 to 80 years) and reducing the pack-year history to 20 pack-years of smoking (previously 30 pack-years).

15.     Another example of updated guidance was published on June 20, 2023, and recommends screening for anxiety disorders in adults, including pregnant and postpartum persons.

16.     The recommendations in the prior paragraphs all have A or B ratings and, pursuant to the language of BCBS's insurance agreements, BCBS was required to cover such updated recommendations.

17.     At a minimum, BCBS's insurance policy with Plaintiffs and similarly situated individuals requires that BCBS provide coverage for:

(1) evidence-based items or services that have in effect a rating of "A" or "B" in the current recommendations of the United States Preventive Services Task Force;

(2) immunizations that have in effect a recommendation from the Advisory Committee on Immunization Practices of the Centers for Disease Control and Prevention with respect to the individual involved;

(3) with respect to infants, children, and adolescents, evidence-informed preventive care and screenings provided for in the comprehensive guidelines supported by the Health Resources and Services Administration; and

(4) with respect to women, such additional preventive care and screenings not described in paragraph (1) as provided for in comprehensive guidelines supported by the Health Resources and Services Administration for purposes of this paragraph.

18.     Despite this obligation, BCBS has implemented a policy that when guidance is updated BCBS does not immediately begin covering preventive services.  Instead, BCBS has a policy/uniform practice of implementing new preventive services recommendations within one year of the date they are published, to be effective by the beginning of the benefit period following that year from the date of the release.  This policy/practice is inconsistent with the policy language and constitutes a breach of contract when coverage is denied at 100%.

## BCBS'S IMPROPER COVERAGE DENIALS

19.     On May 18, 2021, the USPSTF published a final recommendation statement on screening for colorectal cancer that placed a "B" rating on screenings for adults aged 45 to 49 years and an "A" rating for screening adults aged 50 to 75 years. *See* Exhibit 1 (Colorectal Cancer Press Release).

20.     Before the final recommendation was made, the USPSTF provided a draft version of the recommendation statement, evidence review, and modeling analyses for public comment from October 27, 2020, to November 23, 2020.

21.     Prior guidance from the USPSTF had recommended screening for colorectal cancer starting at age 50 years and continuing until age 75 years with an "A" rating.

22.    Pursuant to the terms of Plaintiffs' insurance agreements, preventive colorectal cancer screenings for adults aged 45 to 75 years were to be covered at 100% for in-network providers immediately following the updated guidance.

### A. BCBS's Denial of Preventive Care Coverage for Wollenberg's Colonoscopy Procedure

23.    Over a year after the updated guidance, on July 21, 2022, Wollenberg, who was then age 46, had a preventive colonoscopy performed.

24.    BCBS subsequently refused to cover the preventative colonoscopy and related services as a preventive service with 100% of expenses covered. The total charges were $3,611.00, and BCBS calculated the patient responsibility amount to be $2,303.70 rather than $0.

25.    Ms. Wollenberg appealed the denial of coverage, which BCBS acknowledged it received on August 30, 2022.

26.    Via a letter dated September 2, 2022, BCBS acknowledged receipt of Ms. Wollenberg's appeal and that she had requested that the service be considered towards the preventive health benefits of her group policy.

27.    BCBS's letter explained the basis for its denial of coverage as follows:

All available information has been reviewed and we have determined the colonoscopy and related services processed correctly subject to the deductible of your policy. BCBSKS is required to cover the United States Preventive Services Task Force (USPSTF) A and B level guidelines with no cost-sharing for colorectal cancer starting at age 50 years and continuing until age 75 years. We recognize the USPSTF recently updated their recommendations to expand coverage for colorectal cancer screenings beginning at age 45. BCBSKS implements new preventive services recommendations within one year of the date they are published, to be effective by the beginning of the benefit period following that year from the date of release. Your benefit period runs from October 1 to October 1. Under your contract, the new recommendation will be implemented effective October 1, 2022.

28.    BCBS's September 2, 2022, letter further stated that "[t]his decision brings the appeal process with BCBSKS to a close" and that:

You have the right to bring suit (including under ERISA Section 502(a) if applicable) in state or federal court (as appropriate) only after you have exhausted the appeal of an adverse decision. In all events, such suit or proceeding must be commenced no later than five (5) years after the date from the time written proof of loss is required to be given.

29.    On November 4, 2022, Ms. Wollenberg submitted an additional letter to have the decision reversed.

30.    On November 22, 2022, BCBS sent Ms. Wollenberg a letter her "appeal rights for the above claim were exhausted with BCBSKS upon our initial review completion."

31.    At the time BCBS denied coverage, it provided its insureds with a "Summary of Benefits and Coverage." The "Summary of Benefits and Coverage" included a chart that contained the following information:

| Important Questions | Answers | Why this Matters |
|---|---|---|
| Are there services covered before you meet your deductible? | Yes, preventive care. | For example, this plan covers certain preventive services without cost-sharing and before you meet your deductible.  See a list of covered preventive services at https://www.healthcare.gov/coverage/preventive-care-benefits/. |

32.    When one accessed the Healthcare.gov website referenced in the Summary of Benefits and Coverage there was a link to a website for coverage "for all adults." Clicking on that link took the user to the website healthcare.gov/preventive-care-adults/. On that webpage, a listed screening was "Colorectal cancer screening for adults 45 to 75."

33.    BCBS breached its insurance agreement with Wollenberg by failing to cover the colonoscopy procedure at 100% and caused Wollenberg to incur monetary damages.

**B. BCBS's Denial of Preventive Care Coverage for Ingram's Colonoscopy Procedure**

34.    Over a year after the updated colonoscopy guidance, on August 22, 2022, Shelly Ingram, who was then age 46, had a preventive colonoscopy performed.

7

35.    BCBS also denied 100% coverage of Ms. Ingram's procedure, which had a total billed amount of $4,618.95, and BCBS determined Ingram was responsible for $1,979.19, rather than $0.

36.    Ms. Ingram submitted an appeal to BCBS, which BCBS acknowledge it received on November 2, 2022.

37.    BCBS denied Ms. Ingram's appeal via letter dated November 22, 2022, and included in the denial letter the following:

> We recognize the United States Preventive Services Task Force (USPSTF) recently updated their recommendations to expand coverage for colorectal cancer screenings beginning at age 45. BCBSKS implements new preventive service recommendations within one year of the date they are published, to be effective when your benefit period begins again. Because you were younger than 50 and your benefit period did not renew until October, this test was not eligible for preventive benefits at the time the service was performed.
>
> **Further Rights:**
> You or your authorized representative have the right to documents used in making the claim determination including any guidelines or rules referred to in the denial. This request must be in writing. The documents are available free of charge.
>
> You have the right to bring suit (including under ERISA Section 502(a) if applicable) in state or federal court (as appropriate) only after you have exhausted the appeal of an adverse decision. In all events, such suit or proceeding must be commenced no later than five (5) years after the date from the time written proof of loss is required to be given.

38.    BCBS breached its insurance agreement with Ingram by failing to cover the colonoscopy procedure at 100% and caused Ingram to incur monetary damages.

### C. BCBS's Denial of Preventive Care Coverage for Whetstone's Colonoscopy Procedure

39.    Over a year after the updated colonoscopy guidance, on August 26, 2022, Rachel Whetstone, who was then age 47, had a preventive colonoscopy performed.

40.    BCBS also denied 100% coverage of Ms. Whetstone's procedure, which had a total billed amount of $4,983, and BCBS determined Ms. Whetstone was responsible for $2,641.66, rather than $0.

41.     Ms. Whetstone submitted an appeal dated November 4, 2022, which BCBS acknowledged receiving on November 18, 2022.

42.     On January 17, 2023, BCBS sent Ms. Whetstone a letter denying her appeal. BCBS's denial stated, in part:

All available information has been reviewed and we have determined the colonoscopy and related services processed correctly subject to the deductible and coinsurance of your policy. BCBSKS is required to cover the United States Preventive Services Task Force (USPSTF) A and B level guidelines with no cost-sharing for colorectal cancer starting at age 50 years and continuing until age 75 years. We recognize the USPSTF recently updated their recommendations to expand coverage for colorectal cancer screenings beginning at age 45. BCBSKS implements new preventive services recommendations within one year of the date they are published, to be effective by the beginning of the benefit period following that year from the date of release. Your benefit period runs from October 1 to October 1. Under your group certificate, the new recommendation was implemented effective October 1, 2022.

Further Rights

You have the right to bring suit (including under ERISA Section 502(a) if applicable) in state or federal court (as appropriate) only after you have exhausted the appeal of an adverse decision. In all events, such suit or proceeding must be commenced no later than five (5) years after the date from the time written proof of loss is required to be given.

43.     BCBS breached its insurance agreement with Whetstone by failing to cover the colonoscopy procedure at 100% and caused Ingram to incur monetary damages.

## CLASS ALLEGATIONS

44.     This action is brought pursuant to K.S.A. 60-223/Fed. R. Civ. Proc. 23 by Wollenberg, Ingram, and Whetstone individually and as representatives of a class of BCBS insureds with non-ERISA plans to recover from BCBS for the amounts BCBS failed to cover as preventive services following the updating of preventive service guidance for the five-year period preceding the filing of this action, with claims ongoing through the pendency of this litigation. This putative class includes all insureds who received preventive services from a Contracting Provider that at the time of receipt of the service were:

(1) evidence-based items or services that have in effect a rating of "A" or "B" in the current recommendations of the United States Preventive Services Task Force;

(2) immunizations that have in effect a recommendation from the Advisory Committee on Immunization Practices of the Centers for Disease Control and Prevention with respect to the individual involved;

(3) with respect to infants, children, and adolescents, evidence-informed preventive care and screenings provided for in the comprehensive guidelines supported by the Health Resources and Services Administration; or

(4) with respect to women, such additional preventive care and screenings not described in paragraph (1) as provided for in comprehensive guidelines supported by the Health Resources and Services Administration for purposes of this paragraph,

And for which BCBS denied 100% preventive service coverage.  Plaintiffs reserve the right to modify this class definition as discovery or other case circumstances warrant.

45.    On information and belief, the number of members in the putative class are so numerous as to make joinder of all members impracticable.  Additionally, given the amount of damages suffered by each individual putative class member it would be economically unfeasible for each class member to pursue a separate action for recovery.

46.    Plaintiffs and each member of the putative class have in common questions of law and fact, including the following:

> a. Whether the insurance agreement required BCBS to cover updated recommendations once the recommendations were made or whether BCBS was permitted to delay implementing preventive services coverage; and

b.  Whether BCBS breached its insurance agreements with its insureds by declining to cover new preventive service recommendations following the recommendation being made.

47.     Plaintiffs' claims are typical of the claims of the absent class members in that Plaintiffs, like all the absent class members, were BCBS insureds, received a preventive service that was to be covered by the terms of Plaintiffs' insurances agreement with BCBS at 100% coverage, and BCBS failed to provide 100% coverage.

48.     Plaintiffs are members of the class they seek to represent.

49.     Plaintiffs are adequate class representatives in that, as members of the class, Plaintiffs' interests are aligned with those of the class.

50.     There are no individual conflicts that would prevent Plaintiffs from adequately representing the class.

51.     Plaintiffs have retained competent counsel experienced and knowledgeable concerning this type of litigation and will fairly and adequately represent the interests of the putative class.

52.     The prosecution of separate actions by each putative class member could result in inconsistent of varying adjudications with respect to individual class members which would establish incompatible standards of conduct for BCBS.

53.     In light of BCBS's repeated statements in appeal denials that its practice is to delay implementing new preventive services recommendations within one year of the date they are published, to be effective by the beginning of the benefit period following that year from the date of the release, BCBS has refused to cover preventive services at 100% on grounds that apply generally to the class so that corresponding declaratory relief is appropriate.

54.     Questions of law and fact common to the class predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.  This class action raises common issues of contract interpretation and given the value of each individual claim it is unlikely that individuals are going to assert separate claims against BCBS.  A class action is the most fair and efficient method for litigating this common controversy between BCBS and its insureds.

55.     Plaintiffs incorporate by reference every paragraph set forth herein into each count.

## COUNT I (Breach of Contract)

56.     Plaintiffs and putative class members are each parties to an insurance contract with BCBS.

57.     BCBS agreed with each Plaintiff as follows:

**Preventive Health Benefits:**  Each Insured is eligible to receive the following preventive services paid at 100% of the allowable charge when received from a Contracting Provider for preventive (i.e., not diagnostic or treatment) purposes.  Preventive Health Services received from a Non-Contracting Provider will be subject to the cost sharing requirement (including copayments, coinsurance and deductible), applicable hereunder, in a manner consistent with 42 U.S.C. 300gg-13 for:

a.  evidence-based items or services that have in effect, a rating of 'A' or 'B' in the current recommendations of the United States Preventive Services Task Force;

b.  immunizations that have in effect a recommendation from the Advisory Committee on Immunization Practices of the Centers for Disease Control and Prevention with respect to the individual involved;

c.  with respect to infants, children, and adolescents, evidence-informed preventive care and screenings provided for in the comprehensive guidelines supported by the Health Resources and Services Administration; and

d.  with respect to women, such additional preventive care and screenings not described in item (a) as provide for in comprehensive guidelines supported by the Health Resources and Services Administration for purposes of this paragraph (including breast cancer screening and mammography screenings).

A list of the preventive services covered under this section is available on our website at www.bcbsks.com, or will be mailed to You upon request.  You may request the list by calling the Customer Service number on Your Identification Card.

58.    Each Plaintiff, including putative class members, received a preventive service that was to be covered at 100%.  In the specific instance of Plaintiffs, they each received preventive colonoscopies, which at the time, based on Plaintiffs' ages, had a "B" rating under the then-current recommendations of the USPSTF.

59.    BCBS denied 100% coverage for preventive services for Plaintiffs and putative class members.

60.    As a result, BCBS breached its contracts with Plaintiffs and putative class members, as it failed to cover the services at 100% of the allowable charge.

61.    As a result of the contractual breaches, Plaintiffs and the putative class suffered damages as they incurred out-of-pocket expenses that were supposed to have been covered by the BCBS insurance agreement, with the exact amount of damages to be determined at trial.

## COUNT II (Declaratory Judgment)[2]

62.    An actual and justiciable controversy exists between Plaintiffs and the putative class and BCBS concerning the rights of Plaintiffs and the putative class to receive 100% coverage for preventive services.

63.    Plaintiffs maintain that BCBS must cover any preventive service at 100% and may not delay implementation of updated recommendations.

64.    By comparison, BCBS has demonstrated that it believes it has the right to delay implementation of updated recommendations for over a year.

---

[2] Plaintiffs recognize that this Court granted Defendant's Motion to Dismiss as to this Count (Dkt. 26). Plaintiffs are including Count II so as to make clear that Plaintiffs are not abandoning this claim for purposes of preserving the right to appeal.

65.    Plaintiffs are entitled to a declaration clarifying BCBS's contractual obligations so that, going forward, Plaintiffs can make more informed personal medical decisions and have a better understanding regarding the potential costs of services.

WHEREFORE, Plaintiffs, individually and as representative of the class, pray for the following relief:

a.    An order certifying the following class: each BCBS insured for a non-ERISA policy for whom BCBS denied 100% coverage for preventive services received from a contracting provider for the five-year period preceding the initial filing of this action, with claims ongoing through the pendency of this litigation for services that were:

(1) evidence-based items or services that have in effect a rating of "A" or "B" in the current recommendations of the United States Preventive Services Task Force;

(2) immunizations that have in effect a recommendation from the Advisory Committee on Immunization Practices of the Centers for Disease Control and Prevention with respect to the individual involved;

(3) with respect to infants, children, and adolescents, evidence-informed preventive care and screenings provided for in the comprehensive guidelines supported by the Health Resources and Services Administration; or

(4) with respect to women, such additional preventive care and screenings not described in paragraph (1) as provided for in comprehensive guidelines supported by the Health Resources and Services Administration for purposes of this paragraph.

b.    An order appointing Plaintiffs as representatives of the class described above;

c.    An order appointing GM Law PC as class counsel and awarding GM Law PC a reasonable attorney fee;

d.  An order requiring BCBS to pay the costs and expenses of class notice and administration;

e.  Entry of a judgment in favor of Plaintiffs and the class on the claim of breach of contract and awarding Plaintiffs and putative class members damages in an amount to be determined at trial;

f.  Declaratory judgment in favor of the claim for Plaintiff and the class that BCBS must cover preventative services at 100% for contracting providers;

g.  An award of the reasonable costs and attorneys' fees Plaintiffs and the class incurred in bring this action, including an award of fees pursuant to K.S.A. 40-256; and

h.  Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs and the class hereby demand trial by jury on all issues so triable.

Dated: August 22, 2024                          Respectfully submitted,

                                                By     */s/ Catherine D. Singer*
                                                     Catherine D. Singer     KS Bar #22356
                                                     William D. Beil          KS Bar #18072
                                                     GM LAW PC
                                                     1201 Walnut, Suite 2000
                                                     Kansas City, MO 64106
                                                     Telephone:     (816) 460-3319
                                                     Facsimile:      (816) 471-2221
                                                     catherines@gmlawpc.com
                                                     billb@gmlawpc.com

                                                     William J. Bahr       KS Bar #18236
                                                     Arthur-Green, LLP
                                                     801 Poyntz Avenue
                                                     Manhattan, KS 66502
                                                     Telephone: (785) 537-1345
                                                     bahr@arthur-green.com

                                                     ***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was electronically filed on the 22nd day of August 2024, via the CM/ECM filing system, which will send notification via electronic mail to all counsel of record.

SHOOK, HARDY & BACON, LLP                    SHOOK, HARDY & BACON, LLP

Michael J. Cappo                              Thomas J. Sullivan, Pro Hac Vice
Christopher R. Wray                           2001 Market Street, Suite 3000
Robert A. McClendon                           Philadelphia, PA 19103
2555 Grand Blvd.                              *tsullivan@shb.com*
Kansas City, MO 64108
*mcappo@shb.com*                              ATTORNEY FOR DEFENDANT BLUE
*cwray@shb.com*                               CROSS AND BLUE SHIELD OF KANSAS,
*rmcclendon@shb.com*                          INC.

ATTORNEYS FOR DEFENDANT BLUE
CROSS AND BLUE SHIELD OF KANSAS,
INC.

                                             */s/Catherine D. Singer*
                                             *Attorney for Plaintiffs*

16