IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANAE WOLLENBERG; SHELLY INGRAM; and RACHEL WHETSTONE, individually and on behalf of other members of the putative class, <br><br> Plaintiffs, <br><br> v. <br><br> BLUE CROSS AND BLUE SHIELD OF KANSAS, INC., <br><br> Defendant. | Case No. 5:23-cv-04029-TC-TJJ |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Compel Production of Documents and Answers to Interrogatories (ECF No. 57). Pursuant to Fed. R. Civ. P. 37, Plaintiffs request an order compelling Defendant to produce information and documents responsive to Plaintiffs' Request for Production ("RFP") Nos. 1-6 and 8-11 and Interrogatory Nos. 1-4. Plaintiffs and Defendant are also seeking attorneys' fees in accordance with Fed. R. Civ. P. 37(a)(5)(A). For the reasons discussed below, the Court grants in part and denies in part Plaintiffs' motion and denies both sides' requests for attorneys' fees.

I.      **Relevant Background**[1]

Plaintiffs are teachers with Blue Cross Blue Shield of Kansas health insurance policies offered by Defendant. Those policies cover preventive[2] health services. They refer outward to preventive service policy guidance from the United States Preventive Services Task Force and certain federal agencies. This policy guidance is periodically updated. Thus, Plaintiffs' health insurance policies evolve as external guidance evolves.

Defendant "has implemented a policy that when guidance is updated [it] does not immediately begin covering preventive services."[3] Instead, it incorporates new guidance "within one year of the date they are published, to be effective by the beginning of the benefit period following that year from the date of release."[4]

Plaintiffs say this delay breaches a portion of their insurance contracts. The relevant contract language is as follows:

> Preventive Health Benefits: Each Insured is eligible to receive the following preventive services paid at 100% of the allowable charge when received from a Contracting Provider for preventive (i.e., not diagnostic or treatment) purposes. Preventive Health Services received from a Non-Contracting Provider will be subject to the cost sharing requirement (including copayments, coinsurance and deductible), applicable hereunder, in a manner consistent with 42 U.S.C. 300gg-13.
> . . .
>
> A list of the preventive services covered under this section is available on our website at www.bcbsks.com, or will be mailed to You upon request. You may

---

[1] The following facts and procedural background were taken from the Memorandum and Order on Plaintiffs' Motion to Remand and Defendant's Motion to Dismiss. ECF No. 26 at 3–4.

[2] The parties interchangeably use the terms "preventive" and "preventative" in their briefing. For the purposes of this Memorandum and Order, the Court will use the term "preventive" for consistency.

[3] ECF No. 1-1 at ¶ 17.

[4] *Id.*

2

request the list by calling the Customer Service number on Your Identification Card.[5]

Relying on this section, Plaintiffs received colorectal cancer screenings. Such screenings were newly recommended by the U.S. Preventive Services Task Force for "adults aged 45 to 49 years." But Defendant did not pay for them in full because it "delay[ed] the implementation of coverage to the next benefit period." In other words, the screenings occurred after the U.S. Preventive Services Task Force issued its guidance but before Defendant implemented the guidance.

Defendant removed this case to federal court on April 20, 2023. On May 30, 2024, the Court entered a Phase I Scheduling Order which focused on class certification but did not prohibit appropriate associated merits-based discovery. Plaintiffs served their first set of interrogatories and RFPs, and Defendant responded on June 21, 2024, and June 24, 2024, respectively. The parties made reasonable efforts to confer regarding Defendant's discovery responses and objections at issue here as required by D. Kan. Rule 37.2, and on July 26, 2024, the Court held a discovery conference to discuss the parties' identified discovery disputes. The Court provided its guidance on those disputes and directed the parties to continue conferring in good faith to see if they could reach an agreed resolution. On August 13, 2024, Plaintiffs filed their Motion to Compel, and it is now fully briefed.[6]

---

[5] ECF No. 1-1 at ¶ 12.

[6] The Court notes that Plaintiffs filed their motion to compel three days before the August 16, 2024, deadline to file their motion without notifying Defendant. While the Court does not deny the motion for failure to confer, the Court disapproves of Plaintiffs' conduct here, insofar as they moved to compel prematurely. Defendant had indicated it would supplement its responses to Plaintiffs' RFPs and interrogatories before the deadline to file the motion to compel. Plaintiffs should have waited to receive Defendant's supplemental responses to see whether any disputes were resolved (or still could be resolved without briefing) and so their opening brief reflected Defendant's most recent supplemented discovery responses.

Plaintiffs seek an order compelling Defendant to provide further responses and produce documents responsive to 14 discovery requests. Plaintiffs state the primary issues in dispute are the scope of preventive services subject to discovery, whether appeal information as to individual insureds must be produced, and whether Defendant may impose a unilateral date limitation of March 2023. Defendant argues the requested discovery is not appropriate at this certification stage of the case, Plaintiffs' requests are not proportional to the needs of this case, and the requests are overbroad and unduly burdensome.

**II.     Legal Standards**

Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling an answer, designation, production, or inspection. The motion may be made if a party fails to produce documents as requested under Rule 34.[7] An evasive or incomplete disclosure, answer, or response is treated as a failure to disclose, answer, or respond.[8] The party filing the motion to compel need only file the motion and draw the court's attention to the relief sought.[9] At that point, the burden is on the nonmoving party to support its objections with specificity and, where appropriate, with reference to affidavits and other evidence.[10]

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

---

[7] Fed. R. Civ. P. 37(a)(3)(B)(iv).

[8] Fed. R. Civ. P. 37(a)(4).

[9] *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2005 WL 731070, at *4 (D. Kan. Mar. 30, 2005).

[10] *Id.*

4

> importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The information sought must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.[11]

For discovery purposes, relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[12] Relevance is often apparent on the face of the discovery request and often dictates which party bears the burden of showing either relevancy or the lack thereof. If the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[13] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[14] Relevancy determinations are generally made on a case-by-case basis.[15] "To honor the principles of Fed. R.

---

[11] *No Spill, LLC v. Scepter Candada, Inc.*, No. 2:18-CV-2681-HLT-KGG, 2021 WL 5906042, at *3 (D. Kan. Dec. 14, 2021).

[12] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[13] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate 2003*, No. 09-CV-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[14] *Id.*

[15] *Id.*

5

Civ. P. 1, discovery at this stage should prioritize evidence needed for Plaintiffs' motion to certify the class."[16]

### III. Discovery Requests in Dispute

#### A. RFP No. 1

Plaintiffs' RFP No. 1 requests "Defendant produce [a]ll documents relied upon to answer any interrogatories served by Plaintiffs in this case." Plaintiffs request the Court overrule Defendant's objection and compel Defendant to produce documents responsive to RFP No. 1 because Defendant's objections are improper conditional objections. Initially, in its original response, Defendant objected to RFP No. 1 as overbroad and unduly burdensome, but in its supplemental response it later states, subject to its objections, it has produced documents responsive to the request and is not withholding any documents on the basis of attorney client privilege or work product doctrine.[17]

The Court finds RFP No. 1 is not overbroad or unduly burdensome. Plaintiffs are not seeking all the documents Defendant reviewed in preparing its discovery responses. Plaintiffs are

---

[16] *Melnick v. Tamko Bldg. Prod., Inc.*, No. 19-2630-JWL-KGG, 2022 WL 293239, at *4 (D. Kan. Feb. 1, 2022), objections overruled sub nom., *Melnick v. TAMKO Bldg. Prod. LLC*, No. 19-2630-JAR-KGG, 2022 WL 1211122 (D. Kan. Apr. 25, 2022).

[17] *See* Fed. R. Civ. P. 34(b)(c) ("An objection must state whether any responsive materials are being withheld on the basis of [the] objection."). The Court notes RFP No. 1 and many of Defendant's other responses include improper conditional objections. A conditional objection occurs when a party objects to a discovery request but then provides a response to such request "without waiving" the stated objection. *D.M. by & through Morgan v. Wesley Med. Ctr. LLC*, No. 18-2158-KHV-KGG, 2019 WL 2067363, at *2 (D. Kan. May 9, 2019). "Courts in this District have previously ruled that conditional objections are 'manifestly confusing (at best) and misleading (at worse [sic]), and [have] no basis at all in the Federal Rules of Civil Procedure.'" *Id*. at *1 (citing *Sprint Commun. Co., L.P. v. Comcast Cable Commun., LLC*, No. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 545544, at *2 (Feb. 11, 2014)). Defendant's conditional objection fails to state whether responsive documents are being withheld on bases other than attorney-client privilege or the work product doctrine. While not the basis for the Court's ruling, Defendant's improper conditional objection could have been deemed a waiver of the objection.

requesting only the documents Defendant actually relied upon in answering Plaintiffs' interrogatories. The Court overrules Defendant's overbroad and unduly burdensome objections. Further, the Court grants Plaintiffs' motion to compel production of documents responsive to RFP No. 1. To the extent any responsive documents remain that Defendant has not produced or Defendant is withholding on any other basis, Defendant shall produce them.

### B. RFP No. 2

RFP No. 2 requests Defendant produce all versions/iterations of Defendant's list of preventive services from May 2018–Present. Defendant initially objected to this request as disproportionate, overbroad, and unduly burdensome. Defendant's First Supplemental Response states, in pertinent part:

> [A]fter a reasonable search, Defendant refers Plaintiffs to documents produced following a reasonable search of the files likely to contain such information . . . Defendant is still searching for past versions of these documents for the relevant time frame and will produce them once located and supplement this response. No responsive documents have been withheld based on the above objections.[18]

Accordingly, based on Defendant's supplemental response, it is no longer objecting. The objections are moot and/or waived. Defendant indicates it is still searching for responsive documents and will produce them. Defendant must produce all responsive documents from May 2018 to present.[19] Therefore, the Court grants Plaintiffs' motion to compel production of documents responsive to RFP No. 2.

---

[18] ECF No. 63-1, at 23.

[19] As discussed below, Defendant attempted to initially limit the timeframe of discovery responses to "five years preceding the filing of this action." However, Plaintiffs have amended their Complaint to expand the relevant time period of the class from May 2018 to Present, and Defendant has agreed to supplement production based on the Amended Complaint. ECF No. 63 at 2.

### C. RFP No. 3

RFP No. 3 requests all documents concerning "any changes" to the preventive services lists produced in response to RFP No. 2, including any correspondence or meeting minutes about changing the scope of coverage. Defendant objects to the request, arguing it is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs disagree.

The Court finds RFP No. 3 requests documents relevant to the issue of class certification as it will provide information regarding guidance changes and their effect on the scope of coverage under the policies. Therefore, Defendant, as the party resisting discovery, has the burden of justifying its relevancy objections. Defendant argues this request encompasses documents not relevant to the claims and defenses in this case because it seeks documents about changes to the list that are not the result of changing guidance from the United States Preventive Services Task Force and certain federal agencies.

The Court finds RFP No. 3 seeks some relevant documents but as drafted is overbroad. The proposed class definition only refers to *changes in guidance* that led to changes in Defendant's preventive services list. Therefore, the Court grants Plaintiffs' motion to compel production of documents responsive to RFP No. 3, but the Court will limit the scope of RFP No. 3 to documents concerning changes to the preventive services lists produced in response to RFP No. 2 as a result of changes in guidance.

### D. RFP Nos. 4 and 5

RFP No. 4 requests documents sufficient to identify each insured, age 45–49, with a non-ERISA plan that contained the preventive service language and received colorectal cancer screening that was not covered at 100% from May 18, 2021–Present. For the same insureds

8

identified in RFP No. 4, RFP No. 5 requests documents sufficient to identify the amount of charges not covered at 100%, as well as any out of pocket amount the insured incurred.

In its first supplemental response to RFP Nos. 4 and 5, Defendant states it is not withholding any responsive documents based on its objections, but it objects and is withholding from production information beyond the timeline listed in the class definition in the operative Complaint, which is "five years preceding the filing of this action." Plaintiffs argue they are entitled to discovery up until the present time. In its response brief, Defendant states "Plaintiffs have since amended their Complaint to expand the range. *See* Dkt. 62. [Defendant] is working to provide a supplemental production based on this Amended Complaint."[20]

Therefore, based on Defendant's statement, the Court finds Defendant's only remaining objection in its first supplemental response to RFP Nos. 4 and 5 is moot. Plaintiffs' motion to compel is granted as it pertains to RFP Nos. 4 and 5.

### E. RFP No. 6

RFP No. 6 requests documents concerning any insured appealing the denial of 100% coverage for colorectal cancer screening for an insured who was ages 45–49 at the time of the screening from May 18, 2021–Present. In its first supplemental response, Defendant initially objects to the request and argues it is overly broad, disproportional, and unduly burdensome. Plaintiffs argue the request is relevant to Defendant's defense to class certification that insureds who did not exhaust the administrative process cannot be included in the class. In their reply brief, Plaintiffs contend Defendant is still objecting to production.

---

[20] ECF No. 63 at 2. *See also* ECF No. 62 at 9 (expanding the date range to "the five-year period preceding the filing of this action, with claims ongoing through the pendency of this litigation").

Plaintiffs are entitled to discovery regarding insured appeals as it would provide information regarding Defendant's administrative exhaustion defense to class certification. Further, in its response brief, Defendant stated it agreed to produce relevant appeals information for all members who have (1) filed an appeal of some kind between 2018 and August 22, 2024,[21] and (2) received one of the four preventive services identified in the original complaint but who did not receive coverage at 100%.[22] Because RFP No. 6 is limited to denials of colorectal cancer screening, which is one of the preventive services specifically identified in the Complaint, Defendant has agreed to produce responsive documents and the Court therefore overrules Defendant's objections that the request is overly broad, disproportionate, and unduly burdensome.

Therefore, the Court will grant Plaintiffs' motion to compel with respect to RFP No. 6. Defendant must produce documents concerning any insured appealing the denial of 100% coverage for colorectal cancer screening for an insured who was ages 45–49 at the time of the screening from May 18, 2021–Present.

### F. RFP Nos. 8–11 and Interrogatory No. 4

RFP Nos. 8–11 and Interrogatory No. 4 seek discovery on all preventive procedures, not just colorectal screenings, between March 2018–Present, where Defendant denied coverage based on its policy of delaying coverage after a guidance change. RFP Nos. 8–11 request documents or records evidencing communications with any insured with a non-ERISA plan who received a preventive service between March 2018–Present, and the claim was denied for 100% coverage

---

[21] As stated above, Defendant has acknowledged Plaintiffs' Amended Complaint (ECF No. 62) expands the range of time to the present and has agreed to supplement production accordingly. ECF No. 63 at 2.

[22] ECF No. 63 at 5.

after various guidance changes set forth by the Government[23] requiring coverage, but before Defendant had implemented the guidance. Interrogatory No. 4 requests Defendant identify all preventive services for which there was an adopted recommendation or guidance change that resulted in expanding coverage to providing 100% coverage, the date the recommendation changed, and the date Defendant began providing 100% coverage from March 2018–Present.

Defendant argues RFP Nos. 8–11 and Interrogatory No. 4 are vague, disproportionate, and unduly burdensome. In essence, Defendant argues with respect to these RFPs Nos. and Interrogatories that Plaintiffs should not be entitled to discovery beyond the four preventive procedures identified in Plaintiffs' Complaint: colorectal cancer screenings, BRCA screening, diabetes screening, and lung cancer screening. Plaintiffs disagree.

Defendant argues these RFPs and Interrogatories are vague because Plaintiffs do not identify to which preventive services their requests apply. Defendant argues it should not have to define the contours of Plaintiffs' lawsuit by identifying the preventive services and running the search of the database for the information when Plaintiffs have an equal ability to identify procedures yet refuse to do so. Plaintiffs argue the class definition includes all insureds who received preventive services, not just colorectal screenings, and who were denied coverage based on Defendant's policy that it could delay implementing coverage following a guidance change. Thus, Plaintiffs argue they do not need to identify specific preventive services because they are asking for any preventive service that changed coverage based on new guidance during the relevant time period.

---

[23] Specifically, the United States Preventive Services Task Force, the Advisory Committee on Immunization Practices of the Centers for Disease Control and Prevention, and the Health Resources and Services Administration.

11

The Court finds Plaintiffs' RFPs No. 8–11 are not vague, as the contours of the lawsuit, while broad, are clear. Plaintiffs' class definition clearly includes all preventive services and Plaintiffs' discovery has been focused on whether Defendant's self-stated practice of delaying 100% coverage following a guidance change was so widespread as to support certifying a class. Defendant argues Plaintiffs have the burden to identify all preventive procedures included in their class definition and that they have an equal ability to do so.[24] The Court finds Defendant's argument both unconvincing and unreasonable. Defendant admittedly has this information—it is part of Defendant's business to provide insurance for preventive procedures—and Plaintiffs do not. Furthermore, although Plaintiffs received only colorectal screenings, Defendant (while preserving its objection) has agreed to also provide information regarding four other preventive services. Yet, Defendant offers no cogent explanation of why all other preventive services would not be relevant to Plaintiffs' claims. Therefore, Defendant's objection as to vagueness is overruled.

Defendant then argues RFP Nos. 8–11 and Interrogatory No. 4 are disproportionate and unduly burdensome given the number of potential additional procedures at issue. Defendant also argues Plaintiffs did not plead the additional potential preventive procedures in their complaint and therefore discovery regarding other preventive procedures is forbidden by Fed. R. Civ. P. 23. Plaintiffs argue they cannot move for class certification without knowing how many insureds were impacted by Defendant's policy to delay coverage after a guidance change.

The Court overrules Defendant's disproportionate and unduly burdensome objections. The scope of discovery in a putative class action case is not limited to the discrete experiences of the

---

[24] *See* ECF No. 63 at 7 ("[Plaintiffs] have equal ability to identify procedures yet refuse to do so.").; *see also id*. at 8 ("Plaintiffs must plead, at a minimum, . . . which procedures they believe should be covered.").

named Plaintiffs.[25] "Generally, application of the Rule 23 criteria requires the judge to examine the elements of the parties' substantive claims and defenses in order to analyze commonality, typicality, and adequacy of representation under Rule 23(a) as well as the satisfaction of Rule 23(b)'s maintainability requirements."[26] Whether there is commonality and typicality between insureds denied coverage for colorectal screenings and all other preventive services is a question for Plaintiffs' class certification motion, and Plaintiffs require discovery to determine the range of preventive services the class definition could cover.

In *Melnick v. Tamko Building Products, Inc.,* the defendant objected to discovery requests on similar grounds, arguing plaintiffs were only entitled to discovery on products shipped to/from plaintiffs' home states alleged in the Complaint, not nationwide discovery, during the pre-class certification stage of the case.[27] The plaintiffs in the case stated, defendant's "sales occurred 'throughout' the country, but have not determined how many states are implicated in the nationwide class, or which states beyond the four [p]laintiffs' home states."[28] The court found, under the tenants of Rule 1 discovery, the nation-wide discovery was relevant to plaintiff's claims/motion for class certification, and while burdensome, it was not unduly so, nor was it

---

[25] *See* ECF No. 26 at 15 ("Plaintiffs have standing to pursue all their claims when those claims are properly described. Blue Cross would describe Plaintiffs' claims as 'colonoscopies,' 'immunization,' 'screenings,' and so on, because these are all types of preventive services available under Plaintiffs' policies. . . . This description is too narrow. Plaintiffs say Blue Cross breached its promise to pay for preventive services, not a promise to pay for one service or another."); Manual for Complex Litigation § 21.14 (4th ed. 2004).

[26] *Id*.

[27] *See* No. 19-2630-JWL-KGG, 2022 WL 293239, at *3 (D. Kan. Feb. 1, 2022), objections overruled sub nom. *Melnick v. TAMKO Bldg. Prod. LLC*, No. 19-2630-JAR-KGG, 2022 WL 1211122 (D. Kan. Apr. 25, 2022).

[28] *Id.* at *1.

13

disproportionate to the needs of the case as the plaintiffs required the nationwide discovery as evidence relevant to the scope of the class definition and certification.[29]

Here, like in *Melnick*, the Court finds discovery on all preventive procedures where Defendant denied coverage based on its policy that it could delay implementing coverage following a guidance change is not unduly burdensome or disproportionate to the needs of the case. In their Complaint, Plaintiffs specifically define the class as any insured who has been denied 100% coverage due to Defendant's policy of delaying coverage following a guidance change. The Court fully understands that named Plaintiffs' claims all flow from the same preventive service, colorectal screening. But, the Court is not convinced that Plaintiffs must have had other preventive procedures to receive discovery on those preventive procedures, when the policy of delaying coverage would be applied in the same way to any preventive procedure changed based on guidance.[30] Further, Defendant has not met its burden to show that the requests are unduly burdensome. Defendant merely states:

> [T]he cost of pulling this information (in time and dollars) was high. . . . There have been at least dozens of preventive service guidance changes during the relevant timeframe. Pulling claim-level detail on each of them is untenable. [Defendant] has spent weeks pulling the information on the four already-produced procedures: it would take months to do the same for all other guidance changes.[31]

---

[29] *Id.* at *3; Fed. R. Civ. P. 1 (the federal rules "should be construed, administered, and employed by the court and parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

[30] *See* ECF No. 26 at 15 ("A plaintiff 'denied 100% preventive service coverage' for their colonoscopy is harmed in the same way as a patient denied such coverage for a vaccination.").

[31] ECF No. 63 at 10.

14

In *Melnick*, the court found the $700,000 cost of nationwide-discovery was not unduly burdensome or disproportionate to the needs of the case.[32] Similarly here, the Court finds the burden on Defendant is not undue or disproportionate to the needs of the case at this time. Defendant's support for its burdensome objection is vague and unquantified, and Defendant has not submitted an affidavit or other evidentiary proof of the time or expense that would be involved.[33] The Court is mindful that the burden of producing such information may be significant, but Defendant has not demonstrated the requests are *unduly* burdensome or disproportionate to the needs of this case. Defendant has failed to substantiate the burden imposed by RFP Nos. 8–11 and Interrogatory 4 could be undue or disproportionate.[34]

The Phase I stage of discovery in this case is intended to assist the parties in resolving Plaintiffs' eventual motion to certify the class, and whether the class definition encompasses all preventive procedures. Further, the Phase I Scheduling Order in this case and Phase I discovery generally, while focused on class certification, does not prohibit merits-based discovery, as the two often overlap.[35] Defendant's objection based on burden is unpersuasive. While the discovery

---

[32] No. 19-2630-JWL-KGG, 2022 WL 293239, at *3 (D. Kan. Feb. 1, 2022).

[33] *See Fish v. Kobach,* Nos. 16-2105-JAR-JPO, 15-9300-JAR, 2016 WL 893787, at *1 (D. Kan. March 8, 2016) (citing *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004) (objection overruled because it was not "clearly supported by an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request"); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 653 (D. Kan. 2004); and *McCoy v. Whirlpool Corp.*, 214 F.R.D. 642, 646 (D. Kan. 2003).

[34] *See Moss v. Blue Cross & Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 689 (D. Kan. 2007).

[35] *See Garcia v. Tyson Foods, Inc.*, 255 F.R.D. 678, 688 (D. Kan. 2009) (stating that the Tenth Circuit "has recognized that a decision on class certification is not always immune from consideration of issues that overlap with the merits of the cause of action.") (citing *Shook v. Bd. of Cnty. Comm'rs of El Paso (Shook II)*, 543 F.3d 597, 612 (10th Cir.2008)).

process may require significant time and effort, the information sought is critical to class certification and outweighs the unsubstantiated burden claimed by Defendant.

Therefore, the Court grants Plaintiffs' motion to compel with respect to RFP Nos. 8–11 and Interrogatory No. 4. Defendant has not shown the irrelevancy of all preventive services or established the undue burden or disproportionality of discovery on all preventive services. The scope of discovery shall therefore include all preventive services.

### G. Interrogatory No. 3

Interrogatory No. 3 requests Defendant identify insureds who were denied coverage based on its policy/practice of waiting a year to implement guidance changes, the total charges to the insured for the preventive service, the total out-of-pocket costs for the preventive service, whether the insured submitted a first level appeal, and whether Defendant's records indicate they individually exhausted the first level appeal between March 2018–Present. Defendant argues Plaintiffs' request for appeals information as to every denied preventive service is overbroad and unduly burdensome as it would require Defendant to devote 10-20 minutes per individual claim file to access, confirm relevance, cull privileged communications, and download the file.

The Court limits Interrogatory No. 3 with respect to appeals information. Defendant intends to oppose class certification on the grounds that any insured who failed to appeal the denial of 100% coverage cannot be included in the class. Therefore, Defendant must produce documents concerning appeal information. As stated above regarding RFP No. 6, appeals information with respect to colorectal cancer screenings, BRCA screening, diabetes screening, and lung cancer screening is not unduly burdensome, and Defendant has agreed to produce appeals information regarding those four preventive services. However, Interrogatory No. 3 requests appeals information for every insured denied coverage for a preventive service based on Defendant's

16

policy of delaying coverage after a guidance change. Defendant states it is willing to identify members who "potentially" appealed the coverage determination of the four preventive services, noting Defendant can "indirectly identify" members who potentially appealed apparently without undue burden. Plaintiffs have not shown that such "potentially" appealed information is insufficient at this stage of the proceedings. Therefore, at this stage of discovery, the Court will not compel the production of all documents concerning any insured that appealed coverage but will compel Defendant to identify only members who "potentially" appealed the coverage determination of all denied preventive services, not just the four preventive services identified in the Complaint, based on Defendant's policy of delaying coverage after a guidance change between March 2018–Present. Therefore, Plaintiffs' motion to compel is granted with respect to Interrogatory No. 3, subject to this limitation.

### H.  Interrogatory No. 1

Interrogatory No. 1 requests Defendant identify by plan name each non-ERISA insurance plan for which Defendant is the insurer and which contains the Preventive Service Language from March 2018–Present. In its first supplemental answer, Defendant provided Plaintiffs the total number of non-ERISA groups for the 2018–2023 period. However, Interrogatory No. 1 asks Defendant to identify by plan name each of the 918 non-ERISA insurance plans, which Defendant has not done. Therefore, Defendant's supplemental answer is insufficient.

The Court finds the interrogatory's request for the specific plan names of each of the 918 non-ERISA insurance plans is not relevant on its face. In support of the request, Plaintiffs state only, this information is "relevant to understanding the responses to Interrogatory Nos. 3 and 4, and proving that the denials were on plans with similar language with a common practice

17

employed."[36] But Defendant has stipulated the language is identical across plans. The Court finds Plaintiffs have not met their burden to support the relevancy of the request for specific names. At this stage of the litigation, it is unclear how the specific plan names are relevant to class certification, especially given Defendant's stipulation that the language is identical across plans. The Court denies Plaintiffs' Motion to Compel with respect to Interrogatory No. 1. However, to the extent Defendant has not responded for the 2023 to present timeframe based on Plaintiffs' Amended Complaint expanding the range of dates, Defendant must supplement its answer to Interrogatory No. 1.

### I. Interrogatory No. 2

Interrogatory No. 2 requests, for each plan identified in Interrogatory No. 1, Defendant identify the plan years during which the Preventive Service Language was included and the benefit period for each such plan. In its answer to Interrogatory No. 2, Defendant states the following:

> Subject to and without waiving these objections, and following a reasonable inquiry, [Defendant] states that its non-ERISA contracts for which [Defendant] is the insurer during the March 2018-March 2023 time period all have the same material terms, including the at issue language: "Each Insured is eligible to receive the following preventive services paid at 100% of the allowable charge when received from a Contracting Provider for preventive (i.e., not diagnostic or treatment) purposes." These policies were each for one year. The renewal dates vary depending on when the insured group signed up for coverage.[37]

Defendant has not provided a fully responsive answer as to the benefit period for each such plan. Again, Plaintiffs argue this information is relevant to understanding the responses to Interrogatory Nos. 3 and 4. Defendant argues the renewal dates are irrelevant, they have already stipulated the language is identical across plans, and there were 918 plans with this language.

---

[36] ECF No. 58 at 10.

[37] ECF No. 63-1 at 6.

The Court finds the request for the specific benefit period for each such plan is not relevant on its face. And again, in support of the request, Plaintiffs state, this information is "relevant to understanding the responses to Interrogatory Nos. 3 and 4, and proving that the denials were on plans with similar language with a common practice employed."[38] Plaintiffs have not met their burden to establish the relevancy of the specific benefit period for each of the 918 plans. The Court finds Defendant's answer stating there were 918 plans containing the preventive service language during the relevant time frame, each plan had a one year benefit period, and the language is identical across plans is sufficient for the class certification stage of this litigation.

Therefore, the Court will also deny Plaintiffs' Motion to Compel with respect to Interrogatory No. 2, but to the extent Defendant has not responded for the 2023 to present timeframe based on Plaintiffs' Amended Complaint expanding the range of dates, Defendant must supplement its answer to Interrogatory No. 2.

## IV.     Request for Attorneys' Fees Under Fed. R. Civ. P. 37(a)(5)

Fed. R. Civ. P. 37(a)(5) governs a party's request for its reasonable expenses, including attorney's fees, incurred in making or opposing a motion to compel discovery and provides different standards depending on whether the motion to compel is (A) granted, (B) denied, or (C) granted in part and denied in part. Under subsection (C), if the motion to compel is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."[39]

Given the partial success of both Plaintiffs and Defendant in this motion, the Court concludes that each party shall bear its own expenses in filing or responding to this motion to

---

[38] ECF No. 58 at 10.

[39] Fed. R. Civ. P. 37(a)(5).

compel. Plaintiffs' and Defendant's request for attorneys fees under Fed. R. Civ. P. 37(a)(5) is denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Production of Documents and Answers to Interrogatories (ECF No. 57) is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that <u>**within thirty (30) days**</u> from the date of this Memorandum and Order, Defendant shall produce documents responsive to Plaintiffs' RFP Nos. 1–6 and 8–11 and serve its answers to Interrogatory Nos. 3–4, subject to the further limitations set out above.

**IT IS SO ORDERED.**

Dated this 1st day of November, 2024.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge