IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANAE WOLLENBERG; SHELLY INGRAM; and RACHEL WHETSTONE, individually and on behalf of other members of the putative class,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS AND BLUE SHIELD OF KANSAS, INC.,<br><br>Defendant. | Case No. 5:23-cv-04029-TC-TJJ |

## MEMORANDUM AND ORDER

This matter is before the Court on two related motions: Defendant's Motion for Extension of Time to Provide Supplemental Expert Reports (ECF No. 100) ("Motion for Extension of Time") and Plaintiffs' Motion to Strike Blue Cross and Blue Shield of Kansas, Inc.'s Expert Disclosures of Keziah Cook and Jesse David (ECF No. 104) ("Motion to Strike"). Each party opposes the other's motion. Defendant requests this Court extend the deadline to provide supplemental expert reports from their designated rebuttal experts regarding Plaintiffs' damages, Plaintiffs' claims regarding Defendant's approach to implementing guidance changes, and the effects on economic harm (if any), thirty (30) days after Plaintiffs disclose their damages calculations. Plaintiffs oppose the Motion for Extension of Time arguing it was untimely filed[1] and, pursuant to Rule 26(a)(2)(D)(ii), Defendant is not permitted to disclose rebuttal experts when there is no affirmative expert disclosed by the opposing party. Plaintiffs filed the Motion to Strike contemporaneously with their opposition to Defendant's Motion for Extension of Time, again arguing Defendant is

---

[1] The Court will not address the untimeliness argument. Instead, the Court will decide the motion on the merits.

attempting to put forth improper rebuttal testimony since Plaintiffs did not disclose any experts. For the reasons discussed below, the Court grants Plaintiffs' Motion to Strike and denies Defendant's Motion for Extension of Time as moot.

## I.     Relevant Procedural Background[2]

Defendant removed this case to federal court on April 20, 2023. On May 30, 2024, the Court entered a Phase I Scheduling Order[3] which focused on class certification but did not prohibit appropriate associated merits-based discovery. The Phase I Scheduling Order sets two deadlines for expert disclosures, stating "as required by Fed. R. Civ. P. 26(a)(2)(D), initial expert disclosures, which apply only to experts testifying in support of a claim or defense as to which party has an affirmative burden of proof, with a later deadline to disclose any opposing experts, must be served by November 8, 2024."[4]  The Phase I Scheduling Order further provides for rebuttal expert disclosures to be served by December 9, 2024. Neither party made initial disclosures by the November 8, 2024 deadline.

On December 9, 2024, Defendant served Rule 26(a)(2) disclosures of experts Keziah Cook, Ph.D, and Jesse David, Ph.D. Upon service of the expert disclosures, Defendant filed the present Motion for Extension of Time, seeking to provide supplemental expert reports thirty (30) days after Plaintiffs disclose their damage calculations. Plaintiffs objected to the Motion for Extension of Time. The parties made reasonable efforts to confer regarding the present issues as required by D. Kan. Rule 37.2. On December 10, 2024, the Court held a telephone conference with the parties regarding another issue that was before the Court, but the present issue was also discussed briefly. The Court therefore waived the parties Rule 37.1(a) requirement to hold a discovery conference

---

[2] The relevant factual background has been summarized in prior orders. *See* Mem. and Order, ECF No. 26, at 3–4. The Court will not burden the record by reiterating it again here.
[3] Phase I Scheduling Order, ECF No. 38.
[4] *Id.* at 4–5.

prior to the filing of a discovery motion. On December 23, 2024, Plaintiffs filed their Motion to Strike. Both the Motion for Extension of Time and Motion to Strike are now fully briefed.

Plaintiffs seek an order striking Defendant's experts Drs. Cook and David, arguing because no affirmative experts were disclosed, there is no basis on which to now disclose rebuttal experts under Fed. R. Civ. P. 26(a)(2)(D)(ii), and neither expert should be permitted to offer any opinions in this matter. Defendant argues its experts were disclosed using the timing and sequencing provided in the Scheduling Order, and the testimony of its experts properly goes to the issues on which Plaintiffs have the burden of proof. Defendant's Motion for Extension of Time further argues there is a need to supplement these experts' reports after a damage calculation is disclosed because Plaintiffs did not disclose any experts, including any damages experts, by November 8, 2024. The Court now addresses these issues.

## II.     Legal Standards

Federal Rule of Civil Procedure 26(a)(2) governs expert testimony disclosure. The rule directs the disclosures be made at the times and in the sequence the court orders. Generally—and in this case, as provided in the Phase I Scheduling Order—the sequence of disclosures provides for initial disclosures, which "must be accompanied by a written report that includes a complete statement of [the expert's] opinions. The opposing party then has an opportunity to disclose rebuttal experts accompanied by rebuttal-expert reports."[5] To ensure compliance with the deadlines and sequencing of disclosure requirements, Rule 37(c)(1) provides "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed

---

[5] *Estate of Smart v. City of Wichita*, No. 14-2111-JPO, 2020 WL 3618851, at *2 (D. Kan. July 2, 2020) (citing Fed. R. Civ. P. 26(a)(2)(B), (D)).

to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless."

The admission of rebuttal evidence is only permissible once a party has opened the door to that topic, and it is within the court's discretion whether to admit or exclude rebuttal evidence.[6] Under Rule 26(a)(2)(D)(ii), rebuttal expert testimony is limited to evidence that is "intended solely to contradict or rebut evidence on the same subject matter *identified by another party* under Rule 26(a)(2)(B) or (C)" (emphasis added). As such, this Court has routinely held that a proper rebuttal expert is only permitted to contradict or rebut evidence on the same subject matter as identified "in another expert's report."[7] Expert testimony on the subject matter that is not included in another expert's report is not proper rebuttal expert testimony under Rule 26(a)(2)(D)(ii), and should be excluded.[8] Further, the court is within its discretion in disallowing rebuttal expert testimony that belongs more properly a part of a party's case-in-chief or contains theories parties "knew about or reasonably could have anticipated."[9]

## III.   Present Dispute Regarding Defendant's Designation of Rebuttal Expert Witnesses

Plaintiffs move to strike Defendant's disclosure of rebuttal expert witnesses Dr. Keziah Cook and Dr. Jesse David given that no affirmative experts were disclosed, and they are not responding to the opinions of any other experts. Defendant argues Drs. Cook and David did not need to be disclosed by the initial expert disclosure deadline, as that deadline only applies to

---

[6] *Foster v. USIC Locating Servs., LLC,* No. 16-2174-CM, 2018 WL 4003354 (D. Kan. Aug. 17, 2018), at *2.
[7] *Estate of Smart*, 2020 WL 3618851, at *2; *Barcus v. Phx. Ins. Co.*, No. 17-2492-JWL-KGG, 2018 WL 6933299, at *1 (D. Kan. Aug. 17, 2018); *Tuschhoff v. USIC Locating Servs., LLC*, No. 19-CV-1149-EFM-TJJ, 2021 WL 3489693, at *2 (D. Kan. Aug. 9, 2021) ("Rebuttal expert testimony is limited to evidence that is 'intended solely to contradict or rebut evidence on the same subject matter identified by another party' in its *expert disclosures*.").
[8] *See* Fed. R. Civ. P. 26(a)(2)(D)(ii); *See, e.g., Estate of Hammers v. Douglas Cnty Bd. Of Comm'rs, et al.*, No. 15-7994, 2016 WL 6804905, at *1 (D. Kan. Nov. 16, 2016); *Estate of Smart*, 2020 WL 3618851, at *2; *Barcus*, 2018 WL 6933299, at *1; *Tuschhoff*, 2021 WL 3489693, at *2; *Melnick v. TAMKO*, No. 2:19-CV-02630-JAR-KGG, 2023 WL 2664131 (D. Kan. Mar. 28, 2023) (all discussing whether witness was properly designated a rebuttal expert by comparing proffered rebuttal expert's response to content contained in initial expert disclosures).
[9] *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1224 (10th Cir. 2000).

"experts testifying in support of a claim or defense as to which a party has an affirmative burden of proof."[10]  Further, Defendant argues that the disclosures of Drs. Cook and David at the December 9, 2024 deadline to disclose rebuttal experts complies with the scheduling order, as the experts will be "testifying to topics on which Plaintiffs have the 'affirmative burden of proof.'"[11]

Plaintiffs did not disclose any expert witnesses by the November 8, 2024 deadline.  As such, there is no basis on which Defendant may disclose a rebuttal expert under Rule 26(a)(2)(D)(ii).  Rule 26(a)(2)(D)(ii) requires that a rebuttal expert "contradict or rebut evidence on the same subject matter identified by" another party's experts.  Because Plaintiffs did not make initial expert disclosures, there is no evidence to be contradicted or rebutted by a rebuttal expert witness.  Defendant's related Motion for Extension of Time,[12] makes this even clearer.  In the Motion, Defendant requests to extend the deadline to provide rebuttal expert reports to a date uncertain, thirty (30) days after Plaintiffs submit their damages framework.  This request highlights that Defendant's experts are not responding to another expert's report (which does not exist in this case), as is required to for an expert witness to be properly disclosed as a rebuttal witness under Rule 26(a)(2)(D)(ii).

Defendant's response to the Motion to Strike states that Drs. Cook and David would testify to topics on which Plaintiffs have the affirmative burden of proof, such as: damages, the reasonableness of Defendant's approach to implementing guidance changes, the relationship between changes to Defendant's preventive service claims processing and guideline changes, and how Plaintiffs may or may not have suffered economic harm as a result.  However, to designate

---

[10] Phase I Scheduling Order, ECF No. 38, at 4–5.
[11] ECF No. 107, at 2.  Defendant does not explicitly characterize Drs. Cook and David as rebuttal experts in its response to Plaintiffs' Motion to Strike.  However, in its earlier-filed Motion for Extension of Time, Defendant noted that it timely served its "rebuttal expert" disclosures and reports on December 9, 2024.  ECF No. 100, at 2.  Further, Defendant argues in briefing that under the Scheduling Order, Drs. Cook and David are "properly described as rebuttal experts." *See id.* at 3.
[12] ECF No. 100.

5

experts as rebuttal experts simply because they offer opinions that tend to disprove another party's case misapprehends the relevant law—it would be contrary to the applicable Federal Rule as well as extensive and well-established case law.[13] Based on Defendant's description of what Drs. Cook and David would testify to—in addition to the fact that no experts were initially disclosed by Plaintiffs—it is clear that these rebuttal experts were not disclosed "solely to contradict or rebut evidence on the same subject identified by another party in its initial disclosures," and must now be struck.[14] Defendant cites no law to support finding otherwise.

Defendant contends this case is in this unusual posture because of Plaintiffs' failure to designate initial experts regarding matters in which it has an affirmative burden of proof. But that was Plaintiffs' choice to make, and their decision not to designate experts does not create out of whole cloth a right in Defendant to provide rebuttal expert testimony to rebut perhaps anticipated, but nonexistent, expert testimony from Plaintiffs. Defendant argues the Scheduling Order provides for two deadlines: initial expert disclosures regarding matters in which a party has an affirmative burden of proof, and rebuttal experts. While this is accurate, Defendant's argument that Drs. Cook and David were properly disclosed as rebuttal experts in compliance with the scheduling order because they would testify "to topics on which Plaintiffs have the 'affirmative burden of proof,'" is not. Defendant's argument misconstrues the language of the scheduling order[15] and would re-define the well-established meaning of "rebuttal" expert testimony. Again, Rule 26(a)(2)(D)(ii) and the precedent of this Court make it clear that rebuttal experts are only proper when

---

[13] *See* Fed. R. Civ. P. 26(a)(2)(D)(ii); *supra* notes 7–8.

[14] *Barcus*, 2018 WL 6933299, at *1 (quoting *Estate of Hammers*, 2016 WL 6804905, at *1).

[15] Indeed, Defendant focuses on the part of the scheduling order that sets the initial expert disclosure deadline applicable to experts testifying in support of a claim or defense as to which a party has an affirmative burden of proof, here the initial November 8, 2024 expert disclosure deadline. But, Defendant ignores a critical part of the scheduling order language regarding expert disclosures which expressly provides for "a later deadline to disclose any *opposing* experts," here the December 9, 2024 rebuttal expert disclosure deadline. *See* Phase I Scheduling Order, ECF No. 38, at 4–5 (emphasis added). The reference to "opposing" experts makes clear that the rebuttal experts must be for the purpose of opposing or contradicting evidence identified in another expert's report.

contradicting or rebutting evidence disclosed by another party's expert.[16]  Defendant's strained reading of the Scheduling Order is unpersuasive, and the Court rejects it.

Finally, Defendant argues it would be prejudiced by the striking of expert testimony from Drs. Cook and David.  The Court disagrees.  Defendant is attempting to create a right and opportunity to present rebuttal expert testimony where there is no opposing expert to rebut.  Defendant simply is entitled to no such right under the applicable Federal Rule and well-established case law.  Plaintiffs and Defendant chose not to make Phase I initial expert disclosures.  Both sides had that right and, as a result, neither side will have expert witnesses or rebuttal expert witnesses in Phase I.  Moreover if, as Defendant so adamantly contends in its briefing, Plaintiffs as a matter of law must have expert testimony to support their damages claims in this action, then Defendant can make that legal argument, without an expert, in a dispositive motion.

In striking Drs. Cook and David, the Court finds that the issues raised in Defendant's Motion for Extension of Time are now moot.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Strike Blue Cross and Blue Shield of Kansas, Inc.'s Expert Disclosures of Keziah Cook and Jesse David (ECF No. 104) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Extension of Time to Provide Supplemental Expert Reports (ECF No. 100) is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Dated this 17th day of January, 2025, at Kansas City, Kansas.



Teresa J. James
U. S. Magistrate Judge

---

[16] *See supra* note 8.